UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WESLEY RICKS (#499599)**  CIVIL ACTION

**VERSUS**

**KEITH MINOR, ET AL.**  NO. 19-399-JWD-SDJ

## RULING

The plaintiff, Wesley Ricks, an inmate confined at the Louisiana State Penitentiary ("LSP"), proceeding *pro se,* filed this civil action complaining of alleged violations of his constitutional rights due to the use of excessive force. The plaintiff has now filed three Motions (R. Docs. 31, 32, and 36) which the Court construes as Motions for Preliminary Injunction and Temporary Restraining Order.

In his first Motions (R. Docs. 31 and 32), the plaintiff asserts that he has been threatened with a violent death if he does not dismiss this proceeding. The plaintiff does not specify who made such threats, but states that he does not feel safe at LSP and requests to be transferred to Elayn Hunt Correctional Center ("EHCC"). In his third Motion (R. Doc. 36), the plaintiff asserts that he and another inmate were involved in an aggravated fight which resulted in an injury to the plaintiff's eye. He again requests to be transferred to EHCC.

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). *See* also *Allied Marketing Group., Inc. v. CDL Marketing, Inc*., 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co*., 760 F.2d 618, 621 (5th Cir. 1985)

("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule"). The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court. *See Allied Mlttg. Grp., Inc.*, 878 F.2d at 809.

At all times, the burden of persuasion remains with the plaintiff as to each of the four elements. Specifically, a plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. See *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

The plaintiff herein has failed to show the facts and law clearly favor his request for a preliminary injunction. As to the likelihood of success on the merits of the transfer request itself, this assertion has no merit standing on its own. It is clear that a prisoner has no right of any kind springing from the Constitution itself to be housed in any particular facility or to be transferred from one prison facility to another, even if medical treatment in one prison may be preferable to that in another. *Olim v. Wakinekona,* 461 U . S. 238, 245–46 (1983); *Meachum v. Fano,* 427 U.S. 215, 224–225 (1976); *Montanye v. Haymes,* 427 U.S. 236, 242 (1976); *Fuselier v. Mancuso,* 354 F. App'x 49, 49 (5th Cir. 2009) (citing *Olim,* 461 U.S. at 245; *Tighe v. Wall,* 100

F.3d 41, 42 (5th Cir. 1996)); *Biliski v. Harborth,* 55 F.3d 160, 162 (5th Cir. 1995). Thus, the Fifth Circuit has squarely held: "The Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement." *Yates v. Stalder,* 217 F.3d 332, 334 (5th Cir. 2000).

Constitutionally protected liberty interests may be created not only by the Constitution itself, however, but also by state law. Not every state statute creates a liberty interest protected by the Constitution which prisoners might employ to obtain the requested transfer. A state statute creates constitutionally protected interests only if it establishes that state officials must take mandatory, non-discretionary actions in connection with the life, liberty or property of citizens. *Olim,* 461 U.S. at 249; *Taylor v. Jagers,* 115 F. App'x 682, 684 (5th Cir. 2004) (citing *Jackson v. Cain,* 864 F.2d 1235, 1250 (5th Cir. 1989)); *Lathers v. Nelson Coleman Corr. Ctr.,* No. 10–128, 2010 WL 1489903, at *3 (E.D. La. Mar. 22, 2010), *report & recommendation adopted,* 2010 WL 1485468 (E.D. La. Apr. 13, 2010). Thus, state statutes that vest officials with broad discretion to carry out their official functions do *not* create constitutionally protected interests that may form the basis for an action under Section 1983. *See Olim,* 461 U.S. at 249–50 (Hawaii prison regulations vesting prison administrators with broad discretion concerning inmate placement and transfers create no liberty interest protected under the Due Process Clause); *Merit v. Lynn,* 848 F. Supp. 1266, 1267–68 (W.D. La.1994) (Louisiana parole statute is broadly discretionary and creates no constitutionally protected liberty interest).

In the instant case, the plaintiff's request for a prison transfer is governed by Louisiana Revised Statute § 15:824(A), which states: "[A]ny individual subject to confinement in a state adult penal or correctional institution shall be committed to the Department of Public Safety and Corrections and *not to any particular institution* within the jurisdiction of the department. The

secretary of the department *may* transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training, and security needs *established by the department* " (emphasis added). This statute vests extremely broad discretion in Louisiana Department of Corrections ("DOC") officials who are responsible for the placement of state prisoners.

Thus, in a case involving the Louisiana DOC statutory scheme, the Fifth Circuit has clearly held that "a prisoner has no liberty interest in being housed in any particular facility." *Yates,* 217 F.3d at 334. Similarly, one Louisiana appellate court stated, in interpreting La.Rev.Stat. § 15:824 and vacating the order of a trial judge who attempted to require the DOC to remove convicted state prisoners from one prison to another, "The legislature by these enactments has manifested a *clear intent to leave the physical placement of prisoners within the jurisdiction of the DOC alone." State v. Sylvester,* 648 So.2d 31, 33 (La. App. 4th Cir.1994) (emphasis added); *accord Oglesby v. Gusman,* No. 09–3593, 2009 WL 3254145, at *3–4 (E.D.La. Oct. 7, 2009) ; *Andrews v. Belt,* No. 07–CV–1283, 2007 WL 3046130 (W.D.La. Oct. 2, 2007)), *aff'd,* 274 F. App'x 359 (5th Cir. 2008).

The State of Louisiana by its broadly discretionary statutes has *not* created a protected liberty interest in being housed in a particular prison or being transferred from LSP to EHCC or any other facility. The plaintiff has no constitutional or state law basis for his request for an order requiring that he be housed in a particular facility. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motions (R. Docs. 31, 32, and 36) are **DENIED**.

Signed in Baton Rouge, Louisiana, on April 28, 2021.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**